# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL FRANCISCO, ORI KATZIN, and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PETER S. COOKE, JR., in his official capacity as Chief of Police of the Borough of Englishtown Police Department, WILLIAM WICKER, in his official capacity as Chief of Police of the Borough of Oradell Police Department, ANDREW J. BRUCK, in his official capacity as Acting Attorney General of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police Department, LOURDES LUCAS, in her official capacity as a Judge of the Monmouth County Superior Court, and CHRISTOPHER R. KAZLAU, in his official capacity as a Judge of the Bergen County Superior Court,<br><br>Defendants. | Case No.: 3:21-cv-14575<br><br>*CIVIL ACTION* |

**BRIEF IN SUPPORT DEFENDANT PETER S. COOKE, JR.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)**

| | |
|---|---|
| Of Counsel and on the Brief<br><br>*Jonathan F. Cohen, Esq.*<br>*James L. Plosia, Jr., Esq.* | PLOSIA COHEN LLC<br>Chester Woods Complex<br>385 Route 24, Suite 3G<br>Chester, NJ 0793<br>908-888-2547<br>Attorneys for Defendant<br>Peter S. Cooke, Jr. |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ................................................................................ 2

STANDARD OF REVIEW ............................................................................... 4

LEGAL ARGUMENT ....................................................................................... 6

CONCLUSION .................................................................................................. 8

## **TABLE OF AUTHORITIES**

**Cases:**

Animal Science Products, Inc., .................................................................... 4
   654 F.3d 462 (3d Cir. 2011)

Ashcroft v. Iqbal, ......................................................................................... 4
   556 U.S. 662 (2009)

Bell Atl. Corp. v. Twombly, ......................................................................... 4
   550 U.S. 544 (2007)

Carroll v. Carman............................................................................................ 5
   574 U.S. 13 (2014)

Estate of Lagano v. Bergen County Prosecutor's Office, .............................. 5
   769 F.3d 850 (3d Cir. 2014)

L.R. v. Sch. Dis. Of Phila., ........................................................................... 5
   60 F. Supp. 3d 584 (D. Pa. 2014)

N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J., ... 4
   760 F.3d 297 (3d Cir. 2014)

Pearson v. Callahan,...................................................................................... 5
   555 U.S. 223 (2009)

**Statutes:**

42 U.S.C. § 1983 ................................................................................. 3, 5, 7

N.J.S.A. 2C:58-4(d) ..................................................................................... 2

**Rules:**

Fed. R. Civ. P. 12(b)(6)................................................................................ 4

## **PRELIMINARY STATEMENT**

On August 3, 2021 Plaintiffs filed this action in the United States District Court for the District of New Jersey. Essentially Plaintiffs' lawsuit seeks a judicial declaration that the "Regulatory Scheme" in New Jersey for possession of a legal firearm is unconstitutional. Defendant Peter S. Cooke, Jr. is the Chief of Police of the Borough of Englishtown. He had been named as a Defendant because he enforced this "Regulatory Scheme". There is no allegation in the Complaint that Chief Cooke performed his official duties inappropriately or illegally; in fact, Plaintiffs' Complaint makes it clear beyond cavil that Chief Cooke has been named as a Defendant because he is in fact <u>adhering</u> to the laws of the State of New Jersey. It is those very laws which Plaintiffs seek to have overturned as unconstitutional.

Without engaging in a debate of the constitutional merits of Plaintiffs' Complaint, Defendant Cooke is entitled to qualified immunity in this matter and, thus, the dismissal of Plaintiffs' complaint against him. As will be explained in more depth below, "qualified immunity" applies in this matter because the legal right underpinning Plaintiffs' claims against Chief Cooke are anything but "clearly established".

1

## **STATEMENT OF FACTS**

For the purposes of this 12(b) Motion, the pertinent facts are those asserted in Plaintiffs' Complaint. The following facts are relevant to Plaintiffs' claim against Defendant Cooke:

1. Paragraph 23: Chief Cooke denied Plaintiff Daniel Francisco's request for a "carry permit" for a firearm.

2. Paragraph 30: "…. irrespective of whether the local Police Chief or the Superintendent of the NJSP [New Jersey State Police] approves or denies an application for a permit to carry a handgun the ultimate authority to issue a permit to carry a handgun rests with Superior Court Judges."

3. Paragraph 94: on January 19, 2021, Cooke denied Francisco's application for a "carry permit" for a firearm because Francisco's application "failed to specify in detail the urgency evidenced by specific threats or previous attacks which demonstrate a specific danger to your life and cannot be avoided by means other than issuance of a permit to carry a handgun …".

4. Paragraph 98: Plaintiff Francisco readily acknowledged in his complaint that "I do not meet the requirements of justifiable need within the statutory meaning of N.J.S.A. 2C:58-4(d) …".

5. Paragraph 157: Defendant Cooke is being sued because he enforced the "Regulatory Scheme" as embodied in the referenced statute.

6. Paragraph 163: Plaintiffs explain in this paragraph that "Defendant Cooke enforces, oversees, directs and/or implements the Regulatory Scheme in his official capacity". The allegation against Chief Cooke is that he "has and continues to deny applicants who cannot meet the Regulatory Schemes, and the Constitutional Standards and Requirements".[1] Pursuant to 42 U.S.C. § 1983, Plaintiffs seek a declaration that New Jersey's "Regulatory Scheme" governing the issuance of carry permits for firearms is unconstitutional.

---

[1] Cooke is thus being sued <u>because</u> he is enforcing existing law, which Plaintiffs are seeking to have declared unconstitutional. There are absolutely no allegations in Plaintiffs' Complaint that Chief Cooke inappropriately, improperly, or illegally administered this Regulatory Scheme; in fact he is being sued because he <u>has</u> appropriately enforced his "Regulatory Scheme" which Plaintiffs are seeking to have declared unconstitutional.

## **STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a Complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. Defendant Cooke, as the moving party, bears the burden of showing that no claim has been stated. Animal Science Products, Inc., 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a Motion to Dismiss, the facts alleged in the Complaint are accepted as true, and all reasonable inferences are drawn in favor of the Plaintiffs. N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J., 760 F.3d 297 (3d Cir. 2014).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." Id. at 570. That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, supra, 550 U.S. at 556. While

"[t]he plausibility standard is not akin to a 'probability requirement'…it asks for more than a sheer possibility." Iqbal, supra, 556 U.S. at 678.

In civil rights actions under 42 U.S.C. § 1983, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly establish statutory or constitutional rights of which a reasonable person would have known.' " Estate of Lagano v. Bergen County Prosecutor's Office, 769 F.3d 850, 858 (3d Cir. 2014); Pearson v. Callahan, 555 U.S. 223, 231 (2009). "To resolve a claim of qualified immunity, a court must engage in a two-pronged analysis to decide (1) whether the plaintiff has alleged sufficient facts to establish the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the defendant's actions." Id. at 858.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " L.R. v. Sch. Dis. Of Phila., 60 F. Supp. 3d 584, 596 (D. Pa. 2014), quoting Pearson v. Callahan, supra, 555 U.S. at 232. For a legal right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Carroll v. Carman, 574 U.S. 13, 16 (2014).

# **LEGAL ARGUMENT**

## **POINT I**

**DEFENDANT COOKE IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFFS' CLAIMS AGAINST HIM.**

As set forth in the Standard of Review section of this brief, supra, public officials may be entitled to qualified immunity against constitutional claims under 42 U.S.C. § 1983. This immunity can only be overcome if the Plaintiffs' claim is based upon "clearly established constitutional right". In this case, inasmuch as Plaintiffs are seeking a declaration that the prevailing law (New Jersey's Regulatory Scheme for enforcing its firearm possession restrictions) is unconstitutional, Plaintiffs' rights obviously are not "clearly established".

Plaintiffs are seeking a judicial declaration that New Jersey's decades-old statutory framework for "carry permits" for firearms is unconstitutional. Plaintiffs acknowledge in their Complaint that Chief Cooke acted in a manner entirely consistent with existing New Jersey law. Plaintiff Francisco admits in his own Complaint that he did not meet the standard in New Jersey for the issuance of a carry permit for a firearm, thereby also acknowledging that Chief Cooke acted in an entirely consistent manner with current New Jersey law. See paragraph 42 of

6

Complaint: "Francisco's assertions in support of his application are necessarily insufficient as a manner of law in New Jersey".

Plaintiffs have not and cannot point to any prevailing precedent to support the proposition that New Jersey's gun enforcement laws, as appropriately administered by officials such as Chief Cooke, have been legally settled to be unconstitutional. Indeed, Plaintiffs readily acknowledge that they are seeking to <u>overturn</u> "clearly established" New Jersey precedent.

In light of these facts, Plaintiffs cannot present a viable argument to this Court that the law underpinning their claims against Defendant Cooke is "clearly established". To the contrary, and as Plaintiffs themselves acknowledged in their Complaint, the "clearly established" law in this area is New Jersey's statutory scheme for regulating citizens' possession of firearms. It is this "clearly established" law that Plaintiffs seek to reverse, and if they succeed in doing so in this matter, they would have thereby established new legal precedent rather than simply having affirmed "clearly established" existing law.

It is thus undisputed that the law underlying Plaintiffs' claims against Chief Cooke are anything but "clearly established". Because it is also undisputed that Defendant Cooke acted in an appropriate fashion to enforce the existing gun possession laws in the State of New Jersey there can be no doubt that Defendant

Cooke is entitled to qualified immunity, and, therefore, Plaintiffs' claims against Defendant Cooke must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Chief of Police Peter S. Cooke respectfully requests that the Court grant his Motion to Dismiss Plaintiffs' Complaint for failure to state a clam upon which relief may be granted.

                                                PLOSIA COHEN LLC

                                                /s/ Jonathan F. Cohen

Dated:  September 28, 2021