# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL FRANCISCO, ORI KATZIN, and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> PETER S. COOKE, JR., in his official capacity as Chief of Police of the Borough of Englishtown Police Department, WILLIAM WICKER, in his official capacity as Chief of Police of the Borough of Oradell Police Department, ANDREW J. BRUCK, in his official capacity as Acting Attorney General of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, LOURDES LUCAS, in her official capacity as a Judge of the Monmouth County Superior Court and CHRISTOPHER R. KAZLAU, in his official capacity as a Judge of the Bergen County Superior Court, <br><br> Defendants. | HON. FREDA L. WOLFSON, U.S.D.J. <br><br> HON. DOUGLAS E. ARPERT, U.S.M.J. <br><br> CIVIL ACTION NO. 3:21-cv-14575 <br><br> **CIVIL ACTION** <br><br> **(ELECTRONICALLY FILED)** <br><br> Motion Date: November 1, 2021 |

## PLAINTIFFS' BRIEF IN OPPOSITION
## TO DEFENDANT PETER S. COOKE, JR.'S MOTION TO DISMISS

Edward A. Paltzik
JOSHPE MOONEY PALTZIK LLP
1407 Broadway, Suite 4002
New York, NY 10018
*Attorneys for Plaintiffs*

-i-

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES …..….…..…..……..….….….….…..…..………… i

PRELIMINARY STATEMENT …………….…..….….….….…..…..……...... ii

ARGUMENT

    I.    DEFENDANT COOKE IS NOT ENTITLED TO DISMISSAL UNDER THE DOCTRINE OF QUALIFIED IMMUNITY BECAUSE PLAINTIFFS' COMPLAINT SEEKS PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF..................................... 2

CONCLUSION …….…………….….………………………………………..... 3

## TABLE OF AUTHORITIES

**Cases**                                         **Page**

*Estate of Lagano v. Bergen County Prosecutor's Office*,
    769 F.3d 850 (3d Cir. 2014) …………………………………………….. 2

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982) ……………………………….......................... 2

*Hill v. Borough of Kutztown*,
    455 F.3d 225 (3d Cir. 2006) ……………………………........................... 2

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ……………………………….......................... 2, 3

*Presbyterian Church (U.S.A.) v. United States*,
    870 F.2d 518 (9th Cir. 1989) ……………………………………………… 2

*Salerno v Corzine,*
    449 Fed. Appx. 118 (3d Cir. 2011) ……………………………………... 2, 3

## **PRELIMINARY STATEMENT**

Plaintiffs DANIEL FRANCISCO, ORI KATZIN, and FIREARMS POLICY COALITION, INC. (collectively, "Plaintiffs"), respectfully submit this Brief in Opposition to Defendant Peter S. Cooke, Jr.'s ("Cooke") Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed September 28, 2021 (the "Motion").

Cooke is sued in his official capacity as Chief of Police of the Borough of Englishtown Police Department. The Complaint ("Complaint for Declaratory and Injunctive Relief") (ECF #1)—as its title suggests— seeks, almost exclusively, declaratory and injunctive relief against each Defendant, including Cooke. (*See* Complaint at pp. 59-62). Cooke urges the Court to dismiss Plaintiffs' claim against him, purportedly because he "is entitled to qualified immunity . . . ." (*See* Cooke's Brief in Support of Motion at p. 1) (ECF # 9-1). This is Cooke's sole argument in favor of dismissal—Cooke does not make any arguments relating to "the constitutional merits of Plaintiffs' Complaint . . . . " *Id*.

As discussed *infra*, the Motion is meritless because the doctrine of qualified immunity—the sole basis of Cooke's motion—does not apply to situations where, as here, Plaintiffs seeks prospective declaratory and injunctive relief. Accordingly, the Motion should be denied as a matter of law.

# ARGUMENT

I. **DEFENDANT COOKE IS NOT ENTITLED TO DISMISSAL UNDER THE DOCTRINE OF QUALIFIED IMMUNITY BECAUSE PLAINTIFFS' COMPLAINT SEEKS PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF**

"The doctrine of qualified immunity protects government officials 'from liability for *civil damages* insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Pearson v. Callahan*, 555 U.S. 223, 231 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). (Emphasis added).

"However, it is well-established that qualified immunity *does not bar actions for prospective relief*, such as an injunction or declaratory relief." *Salerno v Corzine,* 449 Fed. Appx. 118, 123 (3d Cir. 2011) (emphasis added); *see also Hill v. Borough of Kutztown*, 455 F.3d 225, 244 (3d Cir. 2006) ("[T]he defense of qualified immunity is available only for damages claims—not for claims requesting prospective injunctive relief."); *Presbyterian Church (U.S.A.) v. United States,* 870 F.2d 518, 527 (9th Cir.1989) ("Qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief.").

Cooke argues that on the facts as pleaded in the Complaint, qualified immunity would shield him "from liability for *civil damages* . . . ." (*See* Cooke's Brief in Support of Motion at p. 5) (ECF # 9-1) (emphasis added) (citing *Estate of*

*Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 858 (3d Cir. 2014); *Pearson*, 555 U.S. at 231). However, Cooke's argument is utterly irrelevant because Plaintiffs' Complaint ("Complaint for Declaratory and Injunctive Relief") (ECF #1) indisputably requests prospective declaratory and injunctive relief, and thus the doctrine of qualified immunity plainly does not apply to the case at bar. Moreover, even to the extent Plaintiffs seek "[n]ominal and . . . other damages" (*See* Complaint at p. 62) (ECF #1) in addition to declaratory and injunctive relief, qualified immunity still does not apply. *See, e.g., Salerno*, 449 Fed. Appx. at 121, 123 (where Appellants sought damages and non-monetary relief, qualified immunity did not bar claims for non-monetary relief).

## CONCLUSION

For the foregoing reasons, the Court should deny Cooke's Motion in its entirety.

Dated:  October 15, 2021                                      Respectfully submitted,

s/ Edward A. Paltzik
Edward A. Paltzik
JOSHPE MOONEY
PALTZIK LLP
1407 Broadway, Suite 4002
New York, NY 10018
Tel: (212) 344-8211
Fax: (212) 313-9478
epaltzik@jmpllp.com

*Attorney for Plaintiffs*
