<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

| | |
|---|---|
| DANIEL FRANCISCO, ORI KATZIN, and FIREARMS POLICY COALITION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETER S. COOKE, JR., in his official capacity as Chief of Police of the Borough of Englishtown Police Department, WILLIAM WICKER, in his official capacity as Chief of Police of the Borough of Oradell Police Department, ANDREW J. BRUCK, in his official capacity as Acting Attorney General of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police Department, LOURDES LUCAS, in her official capacity as a Judge of the Monmouth County Superior Court, and CHRISTOPHER R. KAZLAU, in his official capacity as a Judge of the Bergen County Superior Court, <br><br> Defendants. | Case No.: 3:21-cv-14575 <br><br><br> *CIVIL ACTION* |

**REPLY BRIEF IN SUPPORT OF DEFENDANT PETER S. COOKE, JR.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)**

Of Counsel and on the Brief

    *Jonathan F. Cohen, Esq.*
    *James L. Plosia, Jr., Esq.*

PLOSIA COHEN LLC
Chester Woods Complex
385 Route 24, Suite 3G
Chester, NJ 0793
908-888-2547
Attorneys for Defendant
Peter S. Cooke, Jr.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ....................................................................... 1

LEGAL ARGUMENT ....................................................................................... 2

CONCLUSION .................................................................................................. 3

# **TABLE OF AUTHORITIES**

**Cases:**

Harlow v. Fitzgerald, 457 U.S. 800 .............................................................. 2

Salerno v. Corzine, 449 Fed. Appx. 118 (3d Cir. 2011) ................................ 2

## **PRELIMINARY STATEMENT**

Defendant Peter S. Cooke, Jr., the Englishtown Chief of Police, has moved to dismiss all claims against him based upon the doctrine of qualified immunity. In response Plaintiffs Daniel Francisco, Ori Katzin and Firearms Policy Coalition ("Plaintiffs") asserts that, because the doctrine of qualified immunity does not act so as to bar **injunctive** relief claims, Defendant Cooke's Motion to be denied. In making this argument, Plaintiffs would like the Court to ignore the fact that Plaintiffs have also sued Cooke and the other defendants for **monetary** damages – claims that are clearly subject to dismissal for the reasons set forth in Cooke's moving brief. Plaintiffs meekly contend that, even to the extent that their lawsuit seeks monetary damages from Cooke, Defendant's Motion should nevertheless be denied because the Complaint primarily seeks prospective declaratory and injunctive relief. Defendant Cooke hereby submits this brief in response to Plaintiff's opposition and in further support of his Motion to Dismiss.

In short, while Plaintiffs may be correct that their claims for prospective injunctive relief should survive this Motion, this Court should still grant Cooke's Motion as to Plaintiff's claims for damages and any other relief that is not injunctive in nature.

# LEGAL ARGUMENT

## POINT I

### DEFENDANT COOKE IS ENTITLED TO DISMISSAL OF PLAINTIFF FRANCISCO'S CLAIMS AGAINST HIM FOR DAMAGES BY OPERATION OF THE DOCTRINE OF QUALIFIED IMMUNITY

In a point glossed over in Plaintiffs' opposition, qualified immunity bars their claims for monetary damages, which are set forth in Plaintiffs' "Prayer for Relief" section of their Complaint in parts (g) (nominal and other damages); (h) (counsel fees and costs); and (i) (unspecified other equitable relief). Plaintiffs' Complaint at 62-63. On page 3 of their opposition brief, Plaintiffs assert that, even if the Plaintiffs are seeking monetary relief, "qualified immunity still does not apply".

Plaintiffs fail to cite to any case, including Salerno v. Corzine[1], 449 Fed. Appx. 118 (3d Cir. 2011), in which any court in this Circuit has found that a plaintiff may proceed with a claim for economic damages despite the application of qualified immunity. To the contrary, it is settled law of the United States Supreme Court that qualified immunity bars all claims for monetary damages Harlow v. Fitzgerald, 457 U.S. 800, 806-808 (U.S. 1982) (holding that government officials performing discretionary functions generally are shielded liability for civil

---

[1] Mistakenly designated as "Salerno v. Corso" in Plaintiff's brief.

2

damages insofar as their conflict does not violate clearly established statutory or constitutional rights that which a reasonable person would have known).

In this matter, Plaintiffs have not even attempted argue that Defendant Cooke's action in this were violative of some "clearly established statutory or constitutional right", which was the entire basis of Cooke's moving brief. Plaintiffs tacitly concede that Cooke is subject to qualified immunity in this suit. Chief Cooke has been named as a Defendant in this case precisely because he was enforcing a clearly established law. Accordingly, Cooke is entitled to an Order of this Court dismissing with prejudice all claims for damages, fees, cost and other economic relief sought in Plaintiff's Complaint.

## **CONCLUSION**

For the foregoing reasons, Defendant Chief of Police Peter S. Cooke respectfully requests that the Court grant his Motion to Dismiss Plaintiffs' Complaint, with respect their claims to economic damages, for failure to state a claim against Defendant Cooke upon which relief may be granted.

                                                  PLOSIA COHEN LLC
                                                  Attorneys for Defendant
                                                  Peter S. Cooke

                                                  /s/ Jonathan F. Cohen

Dated:  October 22, 2021