UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL FRANCISCO, ORI KATZIN, and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br><br>-against-<br><br>PETER S. COOKE, JR., in his official capacity as Chief of Police of the Borough of Englishtown Police Department, WILLIAM WICKER, in his official capacity as Chief of Police of the Borough of Oradell Police Department, ANDREW J. BRUCK, in his official capacity as Acting Attorney General of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, LOURDES LUCAS, in her official capacity as a Judge of the Monmouth County Superior Court and CHRISTOPHER R. KAZLAU, in his official capacity as a Judge of the Bergen County Superior Court,<br><br>Defendants. | HON. GEORGETTE CASTNER, U.S.D.J.<br><br>HON. DOUGLAS E. ARPERT, U.S.M.J.<br><br>CIVIL ACTION NO. 3:21-cv- 14575<br><br><br><br>**ORDER GRANTING PRO HAC VICE ADMISSION OF RAYMOND M. DiGUISEPPE** |

This matter having been brought before the Court on an application for an Order allowing Raymond M. DiGuiseppe to appear and participate pro hac vice in this matter on behalf of Plaintiffs Daniel Francisco, Ori Katzin and Firearms Policy Coalition, Inc., and this Court having considered the moving papers, and this matter

being considered without oral argument pursuant to L. Civ. R. 78.1(b), and for good cause shown;

IT IS on this __14th__ day of __November__, 2023,

ORDERED that the application to appear pro hac vice is granted; and it is further

ORDERED that the abovementioned attorney be permitted to appear pro hac vice in the above-captioned matter pursuant to L. Civ. R. 101.1(c); and it is further

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by an attorney duly admitted to the Bar of this Court who shall be held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby; and it is further

ORDERED that the abovementioned attorney shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with L.Civ.R. 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order; and it is further

ORDERED that the abovementioned attorney shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L.Civ.R. 101.1(c)(3), within twenty (20) days from the date of the entry of this Order; and it is further

ORDERED that the abovementioned attorney shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L.Civ.R. 103.1, Judicial Ethics and Professional Responsibility, and L.Civ.R. 104.1, Discipline of Attorneys; and it is further

ORDERED that the abovementioned attorney shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is further

ORDERED that abovementioned attorney may file a request, the form for which is available at the Court's website, with the Clerk of the Court for pro hac vice counsel to receive electronic notifications in this matter.[**]

_____
Douglas E. Arpert, USMJ

[**]IT IS further ORDERED that in accordance with Local Civil Rule 101.1, Mr. DiGuiseppe is to file a supplemental "statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed..." L. Civ. R. 101.1(c)(1).

--terminates ECF No. 44