## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL FRANCISCO, ORI KATZIN, and FIREARMS POLICY COALITION, INC.,** | **CIVIL ACTION NO. 3:21-cv-14575** |
| **Plaintiffs,** | |
| **v.** | |
| **PETER S. COOKE, JR.,** in his official capacity as Chief of Police of the Borough of Englishtown Police Department, **WILLIAM WICKER,** in his official capacity as Chief of Police of Borough of Oradell Police Department, **MATTHEW J. PLATKIN,** in his official capacity as Acting Attorney General of New Jersey, **PATRICK J. CALLAHAN,** in his official capacity as Superintendent of the New Jersey State Police, **LOURDES LUCAS,** in her official capacity as a Judge of the Monmouth County Superior Court, and **CHRISTOPHER R. KAZLAU,** in his official capacity as a Judge of the Bergen County Superior Court, | **CONSENT ORDER FOR ENTRY OF FINAL JUDGMENT AND AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS** |
| **Defendants.** | |

**WHEREAS**, the above-named Plaintiffs commenced this action against the above-named Defendants to challenge the constitutionality of the State of New Jersey's "justifiable need" requirement previously enforced by and through N.J.S.A. § 2C:58-4(c) and N.J.A.C. § 13:54-2.4(d) as a condition to the issuance of permits for the carrying of handguns in public by ordinary law-abiding citizens of New Jersey, contending that this regulatory scheme violates the Fourteenth Amendment to the United States Constitution by preventing law-abiding citizens with ordinary self-defense needs from exercising their Second Amendment right to keep and bear arms in public for self-defense;

**WHEREAS**, on June 23, 2022, the Supreme Court issued its opinion in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111, striking down New York's substantially similar "proper cause" condition to the issuance of handgun carry permits to ordinary law-abiding New Yorkers, holding that this law "violates the Fourteenth Amendment by preventing law-abiding citizens with ordinary self-defense needs from exercising their Second Amendment right to keep and bear arms in public for self-defense," *id.* at 2117, because, *inter alia*: (i) "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct," *id.* at 2126; (ii) the burden falls on "the government [to] demonstrate that [a] regulation is consistent with this Nation's historical tradition of firearm regulation," *id.*; and (iii) New York could not carry its

burden because it failed to identify any "American tradition justifying [such a] proper-cause requirement," *id.* at 2156; and

**WHEREAS**, in light of the Supreme Court's opinion in *Bruen*, on June 24, 2022, the New Jersey Attorney General issued a directive announcing that law enforcement agencies shall no longer enforce N.J.S.A. § 2C:58-4(c)'s requirement of a "justifiable need" to carry a firearm, *see* N.J. Att'y Gen. Law Enforcement Directive No. 2022-07, *available at* https://www.nj.gov/oag/dcj/agguide/directives/ag-Directive-2022-07_Directive-Clarifying-Requirements-For-Carrying-Of-Firearms-In-Public.pdf.;

**WHEREAS**, effective December 22, 2022, New Jersey formally repealed N.J.S.A. § 2C:58-4(c)'s "justifiable need" requirement, *see* L. 2022, c. 131, § 3;

**WHEREAS**, the parties, desiring that this action be settled by appropriate consent decree and without the burden of protracted litigation, agree to the jurisdiction of this Court over the parties, and the subject matter of this action;

**WHEREAS**, subject to the Court's approval of this Consent Order, the parties waive a hearing and findings of fact and conclusions of law on all issues, and further agree to entry of this Order; and

**WHEREAS**, the Court finding that the fees and costs set forth below are reasonable; and all parties having consented and stipulated to the following relief and dismissal of this action with prejudice; and for good cause shown,

**IT IS**, on this ____ day of _____, 2024, **HEREBY ORDERED, ADJUDGED and DECREED** that:

1.  The Court declares that the requirements formerly contained in N.J.S.A. § 2C:58-4(c) and N.J.A.C. § 13:54-2.4(d) that applicants for handgun carry permits in New Jersey show a "justifiable need" violate the Second and Fourteenth Amendments to the United States Constitution.

2.  This Order and final judgment do not apply to any other requirement applicants for handgun carry permits in the State of New Jersey must meet pursuant to N.J.S.A. § 2C:58-4, N.J.A.C. § 13:54-2.4, or other statutes, regulations, and application forms adopted pursuant to those authorities.

3.  Plaintiffs are "prevailing parties" under 42 U.S.C. § 1988 and are therefore entitled to reasonable attorney's fees and costs.

4.  The State of New Jersey, on behalf of Defendants Matthew J. Platkin, Patrick J. Callahan, Hon. Lourdes Lucas, J.S.C., and Hon. Christopher R. Kazlau, J.S.C. ("State Defendants")—all being sued solely in their official capacities as State officials, and not as individuals—shall pay to Plaintiffs' Counsel the amount of $18,500. This amount represents full payment for any and all fees and costs, pursuant to 42 U.S.C. § 1988, that any and all Plaintiffs are entitled to as to any and all State Defendants in this matter.

a. Payment of attorney's fees and costs will be processed by the State of New Jersey and made only after State Defendants' counsel receives necessary paperwork for processing, which shall include:

    i. Completed State of New Jersey W-9(s);

    ii. State of New Jersey Vendor Invoices and/or signed vouchers from Plaintiffs' Counsel;

    iii. Registration through the New Jersey Treasury to the extent necessary for the Treasury to process payment.

b. The State of New Jersey shall make payment of attorney's fees and costs as soon as practicable after the Effective Date of this Order, and only following receipt of the necessary paperwork for processing. Should payment not be made within 90 days following receipt of the necessary paperwork for processing, Counsel for Plaintiffs and State Defendants may seek the assistance of the Court. Payment will be made in full by check to "Gellert Seitz Busenkell & Brown LLC Delaware Bar Foundation for IOLTA Rule 1.15A Attorney Trust Account."

5. Defendant Peter S. Cooke, Jr. in his official capacity as Chief of Police of the Borough of Englishtown Police shall pay to Plaintiffs' Counsel the amount of $3,000 pursuant to 42 U.S.C. § 1988 within 60 days hereof.

6. Defendant William Wicker in his official capacity as Chief of Police of the Borough of Oradell Police Department shall pay to Plaintiffs' Counsel the amount of $1,000 pursuant to 42 U.S.C. § 1988 within 60 days hereof.

7. This Order resolves any and all claims for attorney's fees and costs against the Defendants in this matter.

8. The Clerk of Court is directed to enter a final judgment in accordance with this Order.


We agree to the form and entry of this Order:


GELLERT SEITZ BUSENKELL & BROWN, LLC
Attorneys for Plaintiffs


By: Bradley P. Lehman


MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY


By: Tim Sheehan
Deputy Attorney General

6. Defendant William Wicker in his official capacity as Chief of Police of the Borough of Oradell Police Department shall pay to Plaintiffs' Counsel the amount of $1,000 pursuant to 42 U.S.C. § 1988 within 60 days hereof.

7. This Order resolves any and all claims for attorney's fees and costs against the Defendants in this matter.

8. The Clerk of Court is directed to enter a final judgment in accordance with this Order.


We agree to the form and entry of this Order:

GELLERT SEITZ BUSENKELL & BROWN, LLC
Attorneys for Plaintiffs


By: Bradley P. Lehman

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: Tim Sheehan
Deputy Attorney General

PLOSIA COHEN LLC
Attorneys for Defendant Peter S. Cooke, Jr.,
in his official capacity as Chief of Police
of the Borough of Englishtown Police Department

By: Jonathan F. Cohen

LAW OFFICE OF ANDREW P. ODDO, ESQ.
Attorneys for Defendant William Wicker,
in his official capacity as Chief of Police
of the Borough of Oradell Police Department

By: Andrew P. Oddo

The Clerk of Court shall close this case.

**SO ORDERED**.

Hon. Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey

7

PLOSIA COHEN LLC
Attorneys for Defendant Peter S. Cooke, Jr.,
in his official capacity as Chief of Police
of the Borough of Englishtown Police Department


_____
By: Jonathan F. Cohen


LAW OFFICE OF ANDREW P. ODDO, ESQ.
Attorneys for Defendant William Wicker,
in his official capacity as Chief of Police
of the Borough of Oradell Police Department


By: Andrew P. Oddo


The Clerk of Court shall close this case.


**SO ORDERED**.


_____
Hon. Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey

7